IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| KEVIN RASHAWN WRIGHT | § | |
| VS. | § | CIVIL ACTION NO. 9:22-cv-64 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Kevin Rashawn Wright, an inmate confined at the Coffield Unit of the Texas Department of Criminal Justice, Institutional Division, proceeding *pro se*, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge, for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Petitioner is challenging a 2007 conviction for murder received in the 411th Judicial District Court of Polk County, Texas. Petitioner has filed at least one previous Petition for Writ of Habeas Corpus attacking this conviction. *See Wright v. Director*, Civil Action No. 9:11cv204 (E.D. Tex. Feb. 19, 2012). The Petition was denied on the merits.

Analysis

*Successive Petition*

Title 28 U.S.C. § 2244(b) provides the procedure for dealing with second or successive Petitions for Writ of Habeas Corpus filed by a state prisoner under 28 U.S.C. § 2254. Section

2244(b) requires individuals who seek to file a second or successive habeas corpus Petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider such second or successive Petition. 28 U.S.C. § 2244(b)(3)(A).[1] Moreover, the statute requires that the court dismiss a claim presented in a second or successive habeas corpus Petition if that claim was presented in a prior habeas Application.[2]

A Petition is successive if it raises a claim that was or could have been raised in an earlier Petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2013). Petitioner's claims were or could have been raised in the earlier Petition. As Petitioner has previously filed another Petition attacking the same conviction, Petitioner must obtain leave of the appropriate court of appeals for an order authorizing the district court to consider such second application pursuant to 28 U.S.C. § 2244. Further, any claim previously presented in Petitioner's prior habeas Petition must be dismissed.

As set forth above, Petitioner may not proceed in this court without first obtaining permission from the Fifth Circuit Court of Appeals. Alternatively, Petitioner's claims are barred by the

---

[1] Title 28 U.S.C. § 2244(b)(3) reads, in part, as follows:

\*\*\*

(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

28 U.S.C. § 2244(b)(3).

[2] Title 28 U.S.C. § 2244 provides: "A claim presented in a second or successive habeas corpus application under Section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

applicable one-year statute of limitations.  Accordingly, this Petition should be dismissed without prejudice.

## Recommendation

The above-styled Petition should be dismissed without prejudice.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge.  28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 27th day of April, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE